UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:18-mc-17-FtM-99MRM |
| MICHAEL MARCHETTI, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court upon the United States' Petition to Enforce Internal Revenue Service Summons (the "Petition"), filed on September 18, 2018. (Doc. 1). The United States seeks to enforce an Internal Revenue Service ("IRS") summons served upon Respondent Michael Marchetti. (*Id.* at 1). The Court held a hearing on December 19, 2018, at which Respondent was not required appear. (Doc. 5). For the reasons stated below, the Undersigned respectfully recommends the summons be enforced.

The Petition states that (1) the IRS is investigating the tax liability of Respondent for the taxable periods ending December 31, 2004; December 31, 2005; December 31, 2006; December 31, 2007; and December 31, 2009; (2) Respondent is in possession of information and documents relevant to the investigation, (3) the information and documents sought by the summons are not already in the IRS's possession, and (4) the IRS has taken all administrative steps required by the Internal Revenue Code prior to issuance of the summons. (*Id.* at 1-3). The United States alleges the IRS issued a summons directing Respondent to appear before a revenue agent on June 22, 2018 to testify and produce documents, Respondent failed to appear, and he continues to refuse to comply with the summons. (*Id.* at 2).

Along with the Petition, the United States filed a sworn declaration of the revenue officer who issued the summons. (Doc. 1 at Exhibit 1). Among other things, the declaration states that (1) the IRS is conducting an investigation into Respondent's tax liability, (2) the information and documents sought by the summons are relevant to that investigation, (3) the information and documents sought by the summons are not already in the possession of the IRS, (4) all administrative steps required for the issuance of the summons have been completed, (5) no recommendation for criminal prosecution of Respondent has been made as of the date of the declaration, (6) a revenue officer served the summons on Respondent on May 30, 2018, and (7) Respondent failed to appear on the requested date of June 22, 2018. (*Id.*).

The Court issued an Order on September 26, 2018 directing Respondent to appear before the undersigned on December 19, 2018 at 10:00 a.m. to show cause why he should not be compelled to comply with the summons. (Doc. 2 at 1). The Order directed the IRS to serve Respondent with the Petition and Order and file proof of service as soon as practicable. (*Id.* at 2). The Order directed Respondent to file any defense or opposition to the Petition in writing at least fourteen (14) days prior to the hearing date. (*Id.* at 2). The Order further stated that only the issues brought into controversy by Respondent's opposition would be considered at the hearing and that any uncontested allegation in the Petition would be deemed admitted. (*Id.*). The United States filed proof of service on October 26, 2018. (Doc. 3).[1] Respondent filed a written response to the Order on December 6, 2018. (Doc. 4). In his response, Respondent stated that he had no objection to enforcement of the summons, (*id.*), thereby excusing his appearance at the scheduled hearing. (*See* Doc. 2 at 2). The United States requested at the hearing that the Court enforce the summons.

---

[1] Service was completed when IRS revenue agent Julie Beasley served Respondent with the Petition and Order on October 23, 2018 at Respondent's residence. (Doc. 3).

The United States Supreme Court has held that an IRS summons is to be judicially enforced upon a showing that: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought by the summons is not already within the IRS's possession; and (4) the IRS has followed the administrative steps required by the Internal Revenue Code for issuance of a summons. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964). The United States may make this "minimal" showing by filing with the petition the sworn affidavit or declaration from the revenue agent who issued the summons; upon such a showing, the burden shifts to the respondent to oppose enforcement of the summons. *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir. 1983).

Here, the United States has met its burden through the Petition and the declaration of the revenue officer who issued the summons, and Respondent has not opposed enforcement of the summons. *See Matter of Newton*, 718 F.2d at 1019. Thus, the Undersigned respectfully recommends the summons be enforced and Respondent be ordered to comply with the requirements of the summons and appear before revenue agent Victor Santiago to produce documents and testimony on February 7, 2019.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

(1) The Petition to Enforce Internal Revenue Service Summons (Doc. 1) be **GRANTED**.

(2) The Court issue an Order **ENFORCING** the summons and ordering Respondent to comply with its requirements and appear before revenue agent Victor Santiago or any other proper officer or employee of the Internal Revenue Service to produce documents and testimony on February 7, 2019, or at a future date and time reasonably designated by the Revenue Officer.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 27, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties